Brian D. O'Reilly (BO 1529)
boreilly@ipcounselors.com
Jennette Wiser (JW 0386)
jwiser@ipcounselors.com
Annmary Ittan (141372015)
aittan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

Morgan Jones
morgan@inventel.tv
INVENTEL PRODUCTS, LLC
300 Roundhill Drive, Suite 1
Rockaway, New Jersey 07866
Telephone: (862) 437-1111
Facsimile: (862) 437-1114

*Attorneys for Plaintiff*
*Inventel Products, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK

| | |
|---|---|
| INVENTEL PRODUCTS, LLC,<br>*Plaintiff*<br><br>v.<br><br>THANH THUY DAO VO a/k/a DIANE VO,<br>*Defendant* | **COMPLAINT**<br><br>**CIVIL ACTION No.** 2:17-cv-01463<br><br>**PLAINTIFF DEMANDS A JURY TRIAL** |

## COMPLAINT and JURY DEMAND

1.     Plaintiff, Inventel Products, LLC ("Plaintiff"), by way of complaint against Defendant Thanh Thuy Dao Vo a/k/a Diane Vo ("Defendant") (Plaintiff and Defendant are collectively referred to as "Parties"), alleges as follows:

## PARTIES

2.      Plaintiff is a New Jersey limited liability company, with its principal place of business at 300 Roundhill Drive, Suite 1, Rockaway, New Jersey 07866.  Plaintiff is engaged in the business of marketing and selling consumer products.

3.      Upon information and belief, Defendant Thanh Thuy Dao Vo a/k/a Diane Vo ("Vo") is an individual residing in the State of Nevada.  Defendant has business operations throughout the United States via her family owned company.

## JURISDICTION AND VENUE

4.      This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121 as an action arising out of the Lanham Act, 15 U.S.C. §§ 1051 et seq., and 28 U.S.C. § 2201-02 (Declaratory Judgment Act).

5.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant conduct business in New Jersey and in this judicial district, or otherwise avail themselves of the privileges and protections of the laws of the State of New Jersey, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.      Plaintiff is engaged in the business of selling consumer products, varying in nature from toys, to clothing, to nutraceutical products etc.

8.      Upon information and belief, Defendant Vo is in the business of creating and selling dental cleaning products throughout the United States.

9.      Upon information and belief, Defendant is the owner of record for "20MinuteSmile," a word mark, and said mark is registered with the United States Patent and Trademark Office, (U.S. Trademark Registration No. 4487652) ("20MinuteSmile Mark").

10.     On or about September 20 2016, Plaintiff presented a product called the "20 Minute White Smile" to Walmart and various other retailers to begin the approval and qualification process to ultimately have the product sold nationwide.

11.     Walmart expressed interest in the product and placed an initial order with Plaintiff.

12.     On or about January 3, 2017, Plaintiff abandoned its "20 Minute White Smile" product and created a new branded product called "20 Minute Dental White Rx" (the "20 Minute Dental White Rx Product").

13.     At around the same time, Plaintiff filed a trademark application with the United State Patent and Trademark Office for the phrase "20 Minute Dental White Rx" for use in conjunction with teeth whitening.  (US Trademark Application Serial No. 87-311602 (the "'602 Trademark Application".)

14.     Plaintiff proceeded to manufacture its 20 Minute Dental White Rx Product and sell such product to Walmart.

15.     Since filing the '602 Trademark Application, Plaintiff has exclusively marketed, offered for sale and/or sold all of its teeth whitening products under the "20 Minute Dental White Rx" brand.

16.     Upon information and belief, Defendant knew Plaintiff had a successful business/vendor relationship with Walmart, and was experiencing initial success selling its 20 Minute Dental White Rx Product.

17.     Defendant sent Plaintiff a cease and desist letter on January 18, 2017, alleging infringement of the 20MinuteSmile Mark, and trade dress.

18.     Despite Plaintiff selling its teeth whitening product under the "20 Minute Dental White Rx" brand, Defendant contacted Walmart, and possibly other retailers, and alleged that Plaintiff was infringing its 20MinuteSmile Mark.

19.     In her email to Walmart on February 9, 2017, Defendant also misrepresented ownership of the following brands created by Plaintiff: "20 Minute White Smile;" "20 Minute Rx Dental White;" "20 Minute White;" "Hollywood White Smile;" and "Hollywood Bright Smile."

20.     In that February 9, 2017 email, Defendant ordered Walmart to cease and desist purchasing Plaintiff's 20 Minute Dental White Rx Product.

21.     Defendant further claimed to have a patent on the ingredients of the 20 Minute Dental White Rx Product.  There are, however, no published patents or applications registered to

Defendant Vo.  And upon information and belief, the ingredients in Plaintiff's 20 Minute Dental White Rx Product are standard for teeth whitening systems and in the public domain.

22.     Defendant ended her email by stating she would monitor Walmart in order to protect her rights, and "the consumer's rights", under both State and Federal law.

23.     Defendant's actions were undertaken with the intention of interfering with the business relationship between Plaintiff and Walmart and possibly other business relationships and were premised on misleading and incorrect assertions related to Defendant's trademark and patent rights.

## FIRST CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH A CONTRACT UNDER NEW JERSEY COMMON LAW

24.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as those fully set forth at length herein.

25.     Plaintiff has contractual relationships and/or the reasonable expectation of economic advantage as a result of its relationship with retailers, including but not limited to Walmart.

26.     Defendant is aware of these relationships and Plaintiff's ensuing expectation of economic damage.

27.     Defendant has intentionally interfered with these relationships without justification by misrepresenting its ownership of patent rights and trademark rights related to the 20 Minute Dental White Rx Product in an attempt to interfere and disrupt Plaintiff's contractual relationship with Walmart and/or other retailers.

28.     Defendant has acted solely out of malice, and/or has used dishonest, unfair, and improper means in connection with communicating with Plaintiff's customer.

## SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH AN ECONOMIC ADVANTAGE UNDER NEW JERSEY COMMON LAW

29.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as those fully set forth at length herein.

4

30.     Plaintiff has contractual relationships and/or the reasonable expectation of economic advantage as a result of its relationship with retailers, including but not limited to Walmart.

31.     Defendant is aware of these relationships and the Plaintiff's ensuing expectation of economic damage.

32.     Defendant has intentionally interfered with these relationships without justification by misrepresenting its ownership of patent rights and trademark rights related to the 20 Minute Dental White Rx Product in an attempt to interfere and disrupt Plaintiff's economic relationship with Walmart and/or other retailers.

33.     Defendant has acted solely out of malice, and/or has used dishonest, unfair, and improper means in connection with communicating with Plaintiff's customer.

34.     As a result of Defendant's conduct, the Plaintiff has been damaged.


### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARKS AND TRADE DRESS

35.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as those fully set forth at length herein.

36.     Plaintiff is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark or trade dress rights owned by Defendant relating to the sale of teeth whitening products having intrinsic value, either directly or by inducing others to infringe or by contributing to infringement by others.

37.     There is no likelihood of consumer confusion as to source, affiliation, sponsorship, or connection with Defendant that is caused by Plaintiff's sale of its 20 Minute Dental White Rx Product.


### FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT OF INVALIDITY OF DEFENDANT'S 20MINUTESMILE MARK

38.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as those fully set forth at length herein.

39.     Defendant does not own any trademark rights in the 20MinuteSmile Mark, because the 20MinuteSmile Mark lacks the requisite legal requirements to be protectable under the Lanham Act, because it is merely descriptive, and is therefore, unenforceable.

## FIFTH CAUSE OF ACTION – DECLARATORY JUDGMENT OF INVALIDITY OF DEFENDANT'S TRADE DRESS

40.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as those fully set forth at length herein.

41.     Defendant does not own any trademark rights in their claimed product configuration trade dress because such alleged trade dress lacks the necessary acquired distinctiveness required for product configuration to be protectable under the Lanham Act, and is therefore, unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, inclusive, and each of them, as follows:

A.  For an award of damages in an amount to be proven at trial for tortious interference with a contract under New Jersey common law;

B.  For an award of damages in an amount to be proven at trial for tortious interference with an economic advantage under New Jersey common law;

C.  Declare that Plaintiff's sale of its "20 Minute Dental White Rx" Product does not violate any of Defendant's rights under the trademark laws of the United States;

D.  Declare that Plaintiff and its customers have the right to advertise and sell the "20 Minute Dental White Rx" Product free from interference from Defendant, their officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or under authority of Defendant;

E.  Declare that Defendant, her agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with them be permanently enjoined from:

a.  Interfering with, or threatening to interfere with, the sale or advertisement

of the "20 Minute Dental White Rx" Product;

    b.   Instituting or prosecuting any lawsuit or other proceeding before the United States Trademark Office which places at issue the right to advertise and sell the "20 Minute Dental White Rx" Product.

F.   Declare that the 20MinuteSmile Mark is invalid and unenforceable and should be cancelled;

G.   Declare that Defendant lack any ownership rights in the claimed product configuration trade dress.

H.   Award Plaintiff its attorney's fees; and

I.   Award Plaintiff such other and further relief, as this Court deems just and appropriate.

Respectfully submitted,

DATED: March 3, 2017          By:    s/Annmary Ittan

**EPSTEIN DRANGEL LLP**
Annmary Ittan
aittan@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, New York 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

                      By:    s/ Morgan Jones

**INVENTEL PRODUCTS, LLC**
Morgan Jones
morgan@inventel.tv
300 Roundhill Drive, Suite 1
Rockaway, New Jersey 07866
Telephone: (862) 437-1111
Facsimile: (862) 437-1114

*Attorneys for Plaintiff*
*Inventel Products, LLC*

7